

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| ROBERT EDWIN PARKER,    )<br>                         )<br>           Petitioner, )<br>v.                       )   Criminal No. 1:10CR70<br>                         )   Civil Action No. 1:11CV536<br>UNITED STATES OF AMERICA,)<br>                         )<br>           Respondent.   )<br>                         ) | |

**MEMORANDUM OPINION**

This case is before the Court on Petitioner Robert Edwin Parker's 28 U.S.C. § 2255 Motion To Vacate His Conviction.

This case originated when the Federal Bureau of Investigation examined individuals sharing child pornography over the Gnutella file sharing network using peer-to-peer software. Based on the investigation, the FBI learned that Parker, living in Chesterfield and Woodbridge, Virginia, used a computer to receive and distribute child pornography over the Internet. Charges were initially brought against Parker, in the Eastern District of Virginia, on January 14, 2010, alleging he violated 18 U.S.C. §§ 2252A & 2252.

On March 16, 2010, the government filed a Criminal Information charging Parker with the attempted receipt of child pornography under 18 U.S.C. § 2252A(b)(1). The parties

stipulated to a Statement Of Facts, and these facts were entered into the record. Further, Parker waived indictment, and the parties' entered into a Plea Agreement. The Plea Agreement stated that the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in the Plea Agreement. Parker signed the agreement after he consulted with his attorney and fully understood all rights with respect to the pending Criminal Information. That he read the Plea Agreement and carefully reviewed every part of it with his attorney. The Court accepted his guilty plea and found him guilty of the attempted receipt of child pornography.

On May 21, 2010, the Court sentenced Parker to sixty-three months incarceration, a ten-year period of supervised release (with special conditions that he complete mental health testing and or treatment, use a computer as limited by his probation officer, and receive approval from his probation officer before contacting minors), and issued a 100 dollar special assessment.

Parker filed the instant Motion for relief under 28 U.S.C. § 2255 on May 17, 2011. In his Motion, Parker challenges his underlying conviction by alleging: (i) the Court lacked subject-

matter jurisdiction; (ii) the Respondent lacked standing; (iii) the charging statute was not generally applicable and had no legal force or effect on the general public; (iv) Parker's private conduct was non-economic, had no affect on interstate commerce, and was not an offense against any law of the United States; (v) the indictment was substantially and fundamentally defective, because it failed to establish the subject-matter jurisdiction of the Court or establish an offense against any law of the United States; (vi) Internet use is not sufficient to establish an offense against the laws of the United States or the jurisdiction of the Court; and (vii) Parker does not come within the legislative jurisdiction of Congress as he is a non-citizen national, is a nonresident alien, has no voluntary contacts or presence within the United States, is domiciled without the United States, and is not a federal employee.

Parker's 28 U.S.C. § 2255 Motion impermissibly challenges his underlying conviction, because he waived this right of appeal when he pleaded guilty to attempting to receive child pornography in violation of 18 U.S.C. § 2252A(b)(1) and did not raise these issues at trial or on direct appeal. As an initial matter, Parker does not address the fact that in exchange for concessions made by the United States in his Plea Agreement, he knowingly waived his right to appeal his conviction. Indeed, he

does not claim that the waiver was made unknowingly or unintelligently. Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal. See Bousley v. U.S., 523 U.S. 164, 621 (1998). Parker has procedurally defaulted on these claims when he failed to raise these challenges at trial or on direct appeal and is, accordingly, prevented from bringing these claims in this 28 U.S.C. § 2255 Motion.

Alternatively, Parker effectively waived the statutory right to appeal his conviction. Whether a defendant has effectively waived the statutory right to appeal his sentence is a question of law subject to de novo review. U.S. v. Brown, 232 F.3d 399, 402 (4th Cir. 2000). For an appeal waiver to be effective, the waiver must be a "knowing and intelligent decision" based on the totality of circumstances. U.S. v. Davis, 954 F.2d 182, 186 (4th Cir.1992). Parker was represented by counsel when he decided to waive his right to appeal. Moreover, the appeal waiver he willingly signed states he knowingly waived his right to appeal. To this regard, the Fourth Circuit Court of Appeals has held that an appeal waiver is unambiguous when it explicitly states the waiver was knowingly made and is plainly embodied in the plea agreement. See U.S. v. General, 278. F.3d 289 (4th Cir.

2002). In that case, the Fourth Circuit ultimately dismissed the defendant's sentencing challenges noting, the defendant was represented by counsel who discussed and read the plea agreement with him before he signed the agreement. Similarly, Parker consulted with his attorney and fully understood all rights with respect to the pending Criminal Information. The he read the Plea Agreement and carefully reviewed every part of it with his attorney. As established by a totality of the circumstances, Parker effectively waived the statutory right to appeal his conviction by pleading guilty.

The Court properly retained jurisdiction over this matter. Under 18 U.S.C. § 3231, the district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States. See also U.S. v. Cotton, 535 U.S. 625, 629-31 (2002). The information in this case alleged that Parker violated 18 U.S.C. § 2252A(b)(1). Because the information properly alleged offenses against the laws of the United States, the Court had jurisdiction over Parker and the charged crimes. See U.S. v. Alvarez-Machain, 504 U.S. 655 (1992) (the district court had personal jurisdiction over the defendant by virtue of the defendant having been brought before it for violating a federal law); see also U.S. v.

5

Beasley, 495 F.3d 142, 148 (4th Cir. 2007). Further, the Court had territorial jurisdiction over the matter as Parker attempted to receive child pornography in Chesterfield County and Prince William County, within the Eastern District of Virginia. 28 U.S.C. § 127(a). Finally, as sovereign, the United States has standing to prosecute violations of valid criminal statutes. Vazquez v. Central States Joint Bd., 547 F. Supp. 2d 833, 857-58 (N.D. Ill. 2008) ("prosecuting violations of its own criminal laws-is a core component of governmental sovereignty, at the epicenter of what a government does to protect and defend its citizens and to maintain order in civilized society.") (citing U.S. v. Daniels, 48 Fed. Appx. 409, 418 (3d Cir. 2002) (unpublished) (rejecting as "frivolous" the contention that the United States lacked standing to prosecute defendants stating, "[a]s sovereign, the United States has standing to prosecute violations of valid criminal laws.").

For the foregoing reasons Petitioner's Motion Under 28 U.S.C. § 2255 to vacate his conviction should be denied.

An appropriate Order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
October 3, 2011